Thompson Bros. Feed Co. v. Neiman Bros. Co., 203 Ill. App. 317.

ISADORE S. BLUMENTHAL, for defendants in error.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

CONTRACTS, § 294*—*when performance is condition precedent to maintenance of action for breach.* Under a contract between real estate brokers whereby defendant agreed to pay plaintiffs a part of a commission in making a second mortgage loan and providing that the amount specified should be paid plaintiffs when the money on the mortgage was paid, *held* that the right of the plaintiffs was dependent on the making of the loan as a condition precedent, and that they could not recover under such contract without first showing that the loan was in fact made.

---

### Thompson Brothers Feed Company, Appellee, v. Neiman Brothers Company, Appellant.

### Gen. No. 22,596.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 5, 1917. Rehearing denied February 16, 1917.

### Statement of the Case.

Action by Thompson Brothers Feed Company, a corporation, plaintiff, against Neiman Brothers Company, a corporation, defendant, to recover $828.39 on account stated for balance due on merchandise sold. From a judgment for plaintiff, defendant appeals.

T. O. Thompson, an officer of the plaintiff, testified that he had had conversations with the defendant's

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

officers in reference to the account, and that Louis J. Neiman, treasurer of the defendant company, said that if plaintiff would allow a disputed item of $105 the balance of the account, $828.39, would be paid; that Alexander Neiman, president of the defendant company and a brother of Louis, also said "that he would take care of us, he would give a chattel mortgage and that everything would be all right"; that a statement of the account was mailed to the defendant every month, and that the Neimans had never questioned its correctness except as to the matter of the $105 item which plaintiff allowed to defendant.

WILLIAM FRIEDMAN, for appellant.

LEVISOHN & LEVISOHN, for appellee; ALVIN E. STEIN, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. ACCOUNT STATED, § 25*—*when evidence sufficient to show.* Evidence *held* to support the finding of the court that the plaintiff's claim arose on an account stated, in an action to recover for balance due after allowance of a disputed item.

2. CORPORATIONS, § 354*—*when bound by action of officers.* A corporation is bound by the action of its president and treasurer in accepting an account as an account stated.

3. PLEADING, § 153*—*what defenses must be set up in affidavit of merits in action on account stated against a corporation.* The defenses to an action against a corporation on an account stated, that the debt was due to an individual and that the agreement to pay the debt was voidable under the Statute of Frauds and was *ultra vires* as to the corporation, come too late when first made after the filing of an affidavit of merits; they should be specifically set up in such affidavit.

4. PLEADING, § 153*—*when affidavit of merits is insufficient.* In an action on an account stated, an affidavit of merits *held* insuffi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cient to show that the indebtedness sued on was that of an individual and not the defendant corporation or that the defendant had entered into a voidable agreement to pay such indebtedness.

5. TRIAL, § 295*—*when propositions of law should be tendered.* Propositions of law should be tendered before announcement of final judgment.

---

A. D. Cronstedt; A. D. Cronstedt and Ralph Berg, trading as Ralph Berg & Company, Appellees, v. Thomas T. McCormick, Appellant.

### Gen. No. 22,608.

BROKERS, § 28*—*when evidence is sufficient to support judgment for plaintiff in action for commission for exchange of real estate.* Where the plaintiff, an unlicensed real estate broker, on behalf of the defendant initiated and was the procuring cause of an exchange of defendant's property for other property which was effected after plaintiff had become a member of a firm which was duly licensed to conduct a real estate brokerage business, *held* that the evidence supported a finding and judgment for the plaintiff, in an action to recover a commission for effecting such exchange.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 5, 1917.

ARTHUR A. BASSE, for appellant.

GURDON WILLIAMS, for appellees.

MR. JUSTICE DEVER delivered the opinion of the court.

This is an appeal from a judgment of the Municipal Court of Chicago for the sum of $175.

In November, 1914, the defendant, Thomas T. McCormick, listed for exchange a farm which he owned

* See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.